# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAYMOND GENE PHENIX,

    Petitioner,

vs.

JAMES SCHOMIG,

    Respondent.

Case No. 2:03-CV-00485-RCJ-(RJJ)

**ORDER**

Before the Court are Petitioner's Request for Certificate of Appealability (#114) and Respondents' Opposition (#115). To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000).

The Court dismissed (#105) this action as untimely. Petitioner's issue on appeal is whether the Court's stated bases in not applying equitable tolling are erroneous. The first basis is the Court's

determination that Petitioner did not ask the Judge Lloyd D. George to stay his earlier action, <u>Phenix v. Grigas</u>, Case No. 2:01-CV-00562-LDG-(PAL), while he returned to state court to exhaust his available remedies. <u>See</u> Order (#105), pp. 15-16. Petitioner argues that he did request a stay from Judge George. Reasonable jurists can disagree on this matter.

Petitioner's second basis is that Judge George dismissed <u>Phenix v. Grigas</u> without prejudice, which led Petitioner to believe that timeliness would not be a problem after he returned to state court. The Court agrees with Respondents that Petitioner did not present this basis to the Court in his Opposition to Respondents' Motion to Dismiss (#78). Furthermore, a dismissal without prejudice does not affect the period of limitation, because "a suit dismissed without prejudice . . . leaves the situation the same as if the suit had never been brought in the first place." <u>Humphreys v. United States</u>, 272 F.2d 411, 412 (9th Cir. 1959). Reasonable jurists would not find this conclusion to be debatable.

IT IS THEREFORE ORDERED that Petitioner's Request for Certificate of Appealability (#114) is **GRANTED IN PART** on whether the Court's statement that Petitioner had not sought a stay in <u>Phenix v. Grigas</u>, Case No. 2:01-CV-00562-LDG-(PAL) was an erroneous reason for not applying equitable tolling.

Dated: March 18, 2008

_____
ROBERT C. JONES
United States District Judge

(ab)