1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9   RAYMOND GENE PHENIX,

10        Petitioner,                                  Case No. 2:03-CV-00485-RCJ-(RJJ)

11   vs.                                               **ORDER**

12   JAMES SCHOMIG, et al.,

13        Respondents.

14

15        Petitioner has submitted a motion to amend (#131) and a third amended petition for a

16   writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#133).  The court has reviewed it pursuant to

17   Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

18   Respondents will need to file a response to the third amended petition.

19        Petitioner has submitted a motion to stay any adjudication of the current (2nd

20   amended petition) (#123) and a motion to amend the previous request (#126).  These motions are

21   moot because petitioner has filed a third amended petition (#133).

22        Petitioner has submitted a motion for a <u>Franks</u> hearing to challenge jurisdiction for

23   lack of probable cause (#132).  Petitioner alleges that the arrest warrant was fraudulently obtained,

24   because the affidavit in support of the request for the warrant contained false and misleading

25   statements.  In limited circumstances, a court may examine the veracity of an affidavit that is used to

26   obtain a warrant:

27   ///

28   ///

> To mandate an evidentiary hearing, the challenge's attack must be more than
> conclusory and must be supported by more than a mere desire to cross-examine.
> There must be allegations of deliberate falsehood or of reckless disregard for the
> truth, and those allegations must be accompanied by an offer of proof.

<u>Franks v. Delaware</u>, 438 U.S. 154, 171 (1978). The three grounds for relief in the third amended petition (#133) are ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and prosecutorial misconduct in examination of a witness on evidence that the court had ruled inadmissible. The request for a hearing pursuant to <u>Franks</u> is not relevant to any of these grounds, and the court denies the motion.[1]

Both petitioner and respondents have filed motions to strike (#137, #138) regarding the motion for a <u>Franks</u> hearing (#132). The court denies these motions because the court is denying the motion for a <u>Franks</u> hearing (#132).

Petitioner has submitted a motion for evidentiary hearing (#134). Until the court determines what grounds for relief will be decided on the merits, this motion is premature, and the court denies it.

Petitioner has submitted a motion to grant petitioner's requests for hearings (#141) and an amended motion to grant petitioner's requests for hearings (#142). The court denies these motions because the court is denying the motions for hearings (#132, #134).

Petitioner has submitted a motion for leave to supplement the third amended petition (#143). He wishes to claim that he did not receive a copy of his trial transcript at state expense and that the Nevada Supreme Court erred on direct appeal by not finding and considering on its own motion issues of constitutional dimension. A supplemental pleading is used for "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A supplemental pleading is inappropriate in this case because the grounds that petitioner wishes to add occurred during direct appeal and before the commencement of this action. Furthermore, the proposed grounds for relief are not in the form required by Rule 2(d) of the

---

[1]If petitioner did raise such a claim in an amended petition, it would be pursuant to the Fourth Amendment. The court makes no ruling upon whether that ground for relief would be addressable in light of <u>Stone v. Powell</u>, 428 U.S. 465 (1976).

1  Rules Governing Section 2254 Cases in the United States District Courts, and the court does not
2  want petitioner's claims to be fragmented among several pleadings, where one or more might be
3  overlooked.  Petitioner should move for leave to file an amended petition in compliance with Local
4  Rule 15-1.  The court denies this motion.

5              IT IS THEREFORE ORDERED petitioner's motion to amend (#131) is **GRANTED**.

6              IT IS FURTHER ORDERED that petitioner's motion to stay any adjudication of the
7  current (2nd amended petition) (#123) is **DENIED** as moot.

8              IT IS FURTHER ORDERED that petitioner's motion to amend previous request
9  (#126) is **DENIED** as moot.

10             IT IS FURTHER ORDERED that petitioner's motion for a "Franks" hearing to
11  challenge jurisdiction for lack of probable cause (#132) is **DENIED**.

12             IT IS FURTHER ORDERED that respondents' motion to strike (#137) is **DENIED**.

13             IT IS FURTHER ORDERED that petitioner's motion to strike (#138) is **DENIED**.

14             IT IS FURTHER ORDERED that petitioner's motion for evidentiary hearing (#134)
15  is **DENIED**.

16             IT IS FURTHER ORDERED that petitioner's motion to grant petitioner's requests
17  for hearings (#141) is **DENIED**.

18             IT IS FURTHER ORDERED that petitioner's amended motion to grant petitioner's
19  requests for hearings (#142) is **DENIED**.

20             IT IS FURTHER ORDERED that petitioner's motion for leave to supplement the
21  third amended petition (#143) is **DENIED**.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1     IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date

2   of entry of this order to file and serve a motion for leave to file an amended petition that complies

3   with Local Rule 15-1.

4     IT IS FURTHER ORDERED that if petitioner does not file and serve a motion for

5   leave to file an amended petition, then respondents shall have seventy-five (75) days from the date

6   of entry of this order to answer or otherwise respond to the third amended petition (#133).  If

7   respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing

8   Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five

9   (45) days from the date on which the answer is served to file a reply.

10    Dated: 04-22-2011

11

12    _____

13    ROBERT C. JONES
      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-