UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RAYMOND GENE PHENIX,<br><br>Petitioner,<br>v.<br>JAMES SCHOMIG, et al.,<br><br>Respondents. | Case No. 2:03-cv-00485-MMD-NJK<br><br>ORDER |

Petitioner has submitted a motion to reconsider (dkt. no. 186) and two supplements (dkt. no. 201, dkt. no. 203). First, regarding Ground 3, he argues that the Court erred when it held that Robert Curell's testimony about petitioner's statements in attempting to bribe Curell was admissible because formal criminal proceedings against petitioner for attempted bribery had not yet commenced. Order, at 18 (dkt. no. 182). Petitioner argues that by the time of his murder trial, formal proceedings for attempted bribery had commenced. Petitioner takes the Court's statement out of context. The constitutionality of self-incriminating statements does not depend upon whether formal criminal proceedings on the charge at issue had commenced at the time of the trial. The constitutionality of self-incriminating statements does depend upon whether formal criminal proceedings on the charge at issue had commenced at the time the self-incriminating statements were made. Petitioner had not yet been charged with attempted bribery at the time he made the statements to Curell, and thus they were admissible at his murder trial.

Second, regarding Ground 3, petitioner argues that his counsel had no good reason for telling the jury that a recording of petitioner's conversation with Curell would be played, in which petitioner would be heard on the recording denying that he killed his wife, and thus counsel did not open the door to the playing of the recording. The court specifically noted that Ground 3 was not a claim of ineffective assistance of counsel and that it would not evaluate counsel's decisions. Order, at 21 n.10 (dkt. no. 182). Petitioner cannot now try to transform Ground 3 into a claim of ineffective assistance of counsel.

Third, petitioner complains about how this Court treated the Nevada Supreme Court's summary dispositions of his claims for relief. The Court was following precedent of the Supreme Court of the United States.

In the first supplement (dkt. no. 201), regarding Ground 3, petitioner takes issue with this Court's interpretation of the word "affair" in the minutes of the state district to mean the murder case, not evidence of an extramarital affair. Petitioner argues that the state district court did indeed refer to evidence of an extramarital affair. If that is true, then Ground 3 is a claim that irrelevant evidence was admitted. "Although the [Supreme] Court has been clear that a writ should be issued when constitutional errors have rendered the trial fundamentally unfair, . . . it has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (citation omitted). Taking petitioner's argument as true, in the absence of such a decision by the Supreme Court of the United States on the matter, the Nevada Supreme Court's decision was not contrary to, or an unreasonable application of, clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); 28 U.S.C. § 2254(d)(1). The only "relief" that petitioner could get from success on this argument is a withdrawal of the certificate of appealability on Ground 3, because he would be presenting a claim that is indisputably without merit.

///

2

In the second supplement (dkt. no. 203), petitioner argues that he should have been granted relief in the state courts and here because the state and respondents did not file responses in time. The failure to comply with the rules in state court or this Court on briefing deadlines does not mean that petitioner is in custody in violation of the constitution or laws of the United States, which is the only way he can gain relief in this Court. *See* 28 U.S.C. § 2254(a). *See also Gordon v. Duran*, 895 F.2d 612 (9th Cir. 1990) (no default judgment in federal habeas corpus).

Petitioner's motion for relief from order (dkt. no. 190) expresses dissatisfaction with this Court's ruling that he did not receive ineffective assistance of counsel for how counsel handled the issue of lost evidence. His contentions are more appropriate for appellate review than a motion for reconsideration. *See McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987). *See also Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).

Both petitioner and respondents have filed motions to strike (dkt. nos. 193 & 195). These motions have no merit, and the Court denies them.

It is therefore ordered that petitioner's motion to reconsider (dkt. no. 186), petitioner's motion for relief from order (dkt. no. 190), respondents' motion to strike (dkt. no. 193), and petitioner's motion to strike (dkt. no. 195) are denied.

DATED THIS 26th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3